[Civ. No. 56236. Second Dist., Div. Five. Jan. 15, 1980.]

**RICHARD A. VIGUERIRE COMPANY, INC.,**
Plaintiff and Respondent, v.
RICHARD NOBLE, Defendant and Appellant.

**COUNSEL**

Frank E. Gumbinger for Defendant and Appellant.

Rex W. Jacobs for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.**—Richard A. Viguerire Company, Inc., plaintiff and respondent, obtained a default judgment against Society for the Christian Fellowship and Richard Noble (Noble), defendants on March 17, 1978, in the Superior Court for the District of Columbia, Washington, D.C. The judgment was in the sum of $12,500 with interest and costs.

On August 18, 1978, plaintiff filed in the Los Angeles Superior Court an application for entry of judgment on a sister state judgment which stated that a judgment in favor of plaintiff had been entered in the District of Columbia on February 12, 1975. The application was made pursuant to Code of Civil Procedure section 1710.25. A proposed California judgment pursuant to said section was prepared by the Clerk of the Los Angeles Superior Court and it incorrectly stated that the original judgment had been entered in the State of Virginia. This judg-

ment was signed and filed on the same date of the application (Aug. 18, 1978). Although the heading of the judgment states it was against the Society for the Christian Fellowship the body of the judgment states that it is against defendant Society for the Christian Commonwealth.

Defendant Noble filed a motion to set aside the California judgment arguing that the numerous inconsistencies between the District of Columbia judgment, the application and California judgment confused the court thereby causing the court to grant the motion under the mistaken belief that it was a judgment of a sister state (Virginia) and not the District of Columbia. Noble then concludes that a judgment of the Superior Court for the District of Columbia is not a state court but is a creation of the federal judicial system. Noble argues that Code of Civil Procedure sections 1710.10 through 1710.65 are limited to cases involving "sister states," and the District of Columbia does not qualify as such. It is his contention that the judgment should be enforced by way of "registration" from one federal district to another.

"Sister state judgment" is the phrase used in section 1710.10 et seq. to describe the type of judgment entitled entry as a foreign judgment in California. The word "state" is not defined. It is therefore appropriate for us to look to the other sources, if compatible, for a definition. For example a "state" case or a District of Columbia case must in many situations be removed to the United States District Court for the District of Columbia. In this connection 28 United States Code section 1451 specifically states: "For purposes of this chapter—(1) The term 'State Court' includes the Superior Court for the District of Columbia. (2) The term 'State' includes the District of Columbia." And Code of Civil Procedure section 17, subdivision 7, states: "The word 'state,' when applied to the different parts of the United States, includes the District of Columbia and the territories; and the words 'United States' may include the district and territories."

Noble has not shown or argued that he has been prejudiced by the procedure used or that "registration" under the federal system would have benefited him in any way. Indeed, at oral argument before this court he conceded there was no benefit to him one way or the other. ■ In view of the above quoted statutes that include the District of Columbia in the term "State Court" we believe Noble is arguing form over substance and we conclude that section 1710.10 et seq. also refer to the Superior Court for the District of Columbia.

As to the technical errors in dates, court designation and name of defendant (all clearly inadvertent or typographical), we do not accept Noble's arguments that these mistakes were made for the purpose of misleading the court so that it would believe it was entering a judgment from a "sister state." In view of our decision that the District of Columbia is a "sister state" for the purposes set forth in Code of Civil Procedure section 1710.10 et seq., the argument is meritless.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.